IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE ) |  |
| ) |  |
| MAURINE DORSEY, ) | CASE NO. 06-30023-H3-13 |
| ) |  |
| Debtor, ) |  |
| ) |  |

<u>MEMORANDUM OPINION</u>

The court has held a hearing on the Debtor's "Motion to Extend Automatic Stay" (Docket No. 8). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

Maurine Dorsey ("Debtor") filed the voluntary petition in her first Chapter 13 case, Case No. 05-30249-H3-13, on January 3, 2005. William E. Heitkamp ("Trustee") was the Chapter 13 Trustee in the first case, and is the Chapter 13 Trustee in the instant case.

In the first case, Debtor filed a Chapter 13 plan, seeking to pay a mortgage arrearage to Midland Mortgage Company, in the amount of $14,236.07, without interest. The plan called for Debtor to make payments of $317.31 per month for 54 months.

The plan proposed distribution to Midland Mortgage Co., and to Debtor's attorney. No funds were projected to be available for distribution to unsecured creditors. (Docket No. 11, Case No. 05-30249-H3-13). The plan was confirmed by order entered June 22, 2005. (Docket No. 14, Case No. 05-30249-H3-13).

On August 16, 2005, the Trustee moved for dismissal of the first case, on grounds Debtor had failed to pay the payments due under the plan. (Docket No. 16, Case No. 05-30249-H3-13). The case was dismissed on the Trustee's motion, by order entered October 6, 2005. (Docket No. 19, Case No. 05-30249-H3-13).

Debtor filed a voluntary petition in the instant case, her second Chapter 13 case, on January 2, 2006.

In the instant motion, Debtor seeks continuation of the automatic stay, in order to avoid the scheduled termination of the automatic stay on the 30th day after the date of filing of the instant case, pursuant to Section 362(c)(3)(A) of the Bankruptcy Code.

Debtor testified that she was unable to make the payments called for under her plan in the first case because of an unanticipated spike in utility costs during the summer of 2005. She testified that, since the dismissal of the first case, she has changed jobs. She testified that her new job guarantees her an additional $3,200 per year, as a base salary, and gives her the opportunity to earn additional income through sales

commissions.

Debtor testified that she has reduced expenses since the dismissal of the first case. She testified that she has reduced the amount of her homeowner's insurance premium, designated her home as a residential homestead in order to lower her ad valorem real property taxes, and has signed up for a balanced billing program with her electric utility in order to avoid price spikes. She testified that she has terminated her cell phone service, and has combined her telephone, internet, and cable services, in order to reduce expenses.

Debtor testified that Midland Mortgage Co. is Debtor's only creditor. She testified that she has no unsecured debt. Midland Mortgage Co., although it did not file a response to the instant motion, appeared through counsel at the hearing on the instant motion. Counsel for Midland Mortgage Co. elicited Debtor's testimony that an estimate of its arrearage claim in the instant case is likely to be approximately $19,469.21.

Debtor's plan in the instant case provides for the payment of $19,000 to Midland Mortgage Co., on its mortgage arrearage claim. The plan provides for Debtor to make payments of $1,391 per month, for 55 months.[1] (Docket No. 3).

---

[1] Since the filing of the first case, the Southern District of Texas has adopted procedures under which the regular mortgage payments are paid through the Chapter 13 Trustee. The payment under the plan proposed in the instant case includes $873.00 per month for the regular monthly mortgage installment payment to

3

Midland Mortgage Co. opposes the instant motion, on grounds it believes Debtor will be unable to complete the payments called for under the plan. No evidence supports Midland Mortgage Co.'s contention.

## Conclusions of Law

Section 362(c)(3)(A) of the Bankruptcy Code provides that the automatic stay shall terminate on the 30th day after the filing of a case if the debtor has had a case pending within the preceding one-year period.

Section 362(c)(3)(B) of the Bankruptcy Code provides that the court may extend the stay, on motion of a party in interest, if the party "demonstrates that the filing of the later case is in good faith as to the creditors to be stayed."

Section 362(c)(3)(C)(i)(II)(cc) of the Bankruptcy Code provides that a case is presumptively filed not in good faith if the case was dismissed after the debtor failed to perform the terms of a plan confirmed by the court.

Section 362(c)(3)(C) of the Bankruptcy Code provides that the presumption that a case is not filed in good faith may be rebutted by clear and convincing evidence.

In the instant case, Debtor has presented clear and convincing evidence sufficient to rebut the presumption that the instant case was not filed in good faith, and to enable the court

---

Midland Mortgage Co.

4

to find that the instant case was filed in good faith.  Since the dismissal of the first case, Debtor has increased and stabilized her income, and has reduced her expenses.  Debtor has filed all the documents required to be filed, and disclosed the filing of the first case in the petition in the instant case.  Debtor has proposed a plan, using the court's standard uniform plan, which proposes to pay nearly the full amount estimated by Midland Mortgage Co. for its arrearage claim.[2]  Moreover, because Debtor has proposed a 55 month plan, Debtor may be able to extend the length of the plan to provide for any arrearage not presently provided for in full by the proposed plan.  The court concludes that the stay should be extended in the instant case, as to all creditors.

Based on the foregoing, a separate Judgment will be entered granting the Debtor's "Motion to Extend Automatic Stay" (Docket No. 8).

Signed at Houston, Texas on this _____ day of ___January 20_____, 2006.

LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE

---

[2] The court notes that Midland Mortgage Co. has not filed a proof of claim in the instant case.

5